IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES ZINGERMAN,
d/b/a MAGNUM CO.,

                  **Plaintiff,**

v.                                                           CIV. No. 96-1547 JP/RLP

**LANDSTAR LIGON, INC.,** a Delaware
corporation, and **JOE CLAR & SONS, INC.,**
a California corporation,

                  **Defendants.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is Defendant Joe Clar & Sons' Motion for Summary Judgment [Doc. No. 56], filed January 7, 1998.  After a careful review of the law and the briefs, I have determined that the motion should be denied.

### Background

This case arises from the sale and shipment of a press brake from the seller, Defendant Joe Clar & Sons ("Clar"), in Oakland, California to the buyer, Plaintiff James Zingerman, in Hobbs, New Mexico.  The press brake was transported by defendant Landstar Ligon, Inc. ("Landstar"), a common carrier.  It had been damaged sometime before it arrived in Hobbs.  All the parties appear to agree that under the contract of sale, the press brake was to be sent "F.O.B. Open Top Truck–Oakland, CA" and that the contract should be interpreted under California law.  Plaintiff, claiming that the press brake was either damaged before shipment or was improperly packaged for

safe shipment, filed suit against Clar and Landstar, alleging breach of contract, breach of warranty of merchantability, and violation of the New Mexico Unfair and Deceptive Trade Practices Act.

## Summary Judgment Standard

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)(quoting Fed. R. Civ. P. 1).  A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact..." Fed.R.Civ.P. 56(c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating the absence of evidence to support the nonmoving party's case.  Celotex, 477 U.S. at 324.  In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 322.

## Analysis

In its motion for summary judgment Clar argues that there is no genuine issue of material fact that the press brake was undamaged before it was loaded onto the Landstar truck in Oakland, California.  In support of this contention, Clar presents the plaintiff's own answers to interrogatories, in which plaintiff states, "The Press Brake was in good running condition prior to loading.  This is evidenced on video.... I have the video of the undamaged machine before the shipment."  However, the record reveals a lack of evidence on the issue of whether the press brake may have been damaged while Clar was loading it onto the Landstar truck.  There appears to be at least a suggestion in the record that defendant Clar was involved in the loading process.  Defendant Clar has presented no deposition testimony or affidavits making a prima facie showing either that Clar was not involved in the loading or that the press brake was not damaged during the loading process.

Defendant Clar next argues that plaintiff has failed to present a genuine issue of material fact regarding Clar's alleged failure to ensure that the press brake was adequately packaged or braced for shipment.  In his answers to interrogatories, plaintiff stated that the truck driver, an employee of Landstar, believed that the arm of the brake was not properly secured by Clar.  This evidence creates a factual dispute sufficient to avoid summary judgment.

The final issue is whether Clar can be held liable to plaintiff under applicable statutes, assuming Clar failed to properly package or secure the press brake.  This depends on what the contract term "F.O.B. Open Top truck–Oakland, CA" required of Clar.  Clar argues that, under controlling California law, the risk of loss to the press brake shifted to plaintiff Zingerman when Clar delivered the press brake to Landstar and that Landstar, not Clar, was responsible for

preparing the brake for shipment. Thus, Clar argues that once it put the press brake on Zingerman's truck, Clar had completely fulfilled its contractual obligations and could not thereafter be liable for any damage to the brake.

> Section 2319 of California's Commercial Code provides, in pertinent part:
>
> (1) Unless otherwise agreed the term F.O.B. (which means "free on board") at a named place, even though used only in connection with the stated price, is a delivery term under which
>> (a) When the term is F.O.B. the place of shipment, the seller must at that place ship the goods in the manner provided in this division (Section 2504) and bear the expense and risk of putting them into the possession of the carrier; or
>> . . .
>> (c) When under either (a) or (b) the term is also F.O.B. vessel, car or other vehicle, the seller must in addition at his own expense and risk load the goods on board. If the term is F.O.B. vessel the buyer must name the vessel and in an appropriate case the seller must comply with the provisions of this division on the form of bill of lading (Section 2323).

CAL. COM. CODE § 2319. Because the F.O.B. term specified a particular vehicle, an open top truck, this contract is governed by § 2319(c) and Clar was responsible for safely loading the press brake on board the truck. However, Section 2319 does not clearly answer the question of whether "loading" the press brake includes preparing the brake for transport.

Neither extensive research nor a review of the authorities cited in the briefs reveals cases that directly address the issue of whether a seller loading goods on a vessel or vehicle under CAL. COM. CODE § 2319 must ensure that the goods are properly packaged or braced to prevent damage during travel. However, CAL. COM. CODE § 2504 provides:

> Where the seller is required or authorized to send the goods to the buyer and the contract does not require him to deliver them at a particular destination, then unless otherwise agreed he must
>> (a) put the goods in the possession of such a carrier and make such a contract for their transportation as may be reasonable having regard to the

>   nature of the goods and other circumstances of the case.

Cal. Com. Code § 2504.  Comment 3 to Section 2504 indicates that the seller's responsibility to assure the safe transport of the goods is quite broad, stating:

>   Whether or not the shipment is at the buyer's expense the seller must see to any arrangements, reasonable in the circumstances, such as refrigeration, watering of live stock, protection against cold, the sending along of any necessary help, selection of specialized cars and the like for paragraph (a) is intended to cover all necessary arrangements whether made by contract with the carrier or otherwise. There is, however, a proper relaxation of such requirements if the buyer is himself in a position to make the appropriate arrangements and the seller gives him reasonable notice of the need to do so.

Read together, Sections 2319 and 2504 placed the burden on the seller, Defendant Clar, not only to load the press brake on board the carrier's truck but also to make reasonable arrangements to ensure that the brake would not be damaged during transit.  Such reasonable arrangements under the facts of this case would include making sure that the brake was adequately packaged or braced while on the truck.

In addition, although the evidence presented with this motion is sketchy at best, there is some evidence in the record suggesting that Defendant Clar attempted to brace the press brake to some degree, as shown by the statement of the driver to the plaintiff that he argued with Clar about the bracing being inadequate.  Logic suggests that a seller-shipper is in the best position to know how to properly package and protect the seller's goods for shipment.  Consequently, Defendant Clar did not meet its obligation to properly load the press brake on board Landstar's truck unless Clar properly braced or packaged the brake for travel.  Defendant's motion should be denied.

Therefore, it is ORDERED that Defendant Joe Clar & Sons' Motion for Summary Judgment [Doc. No. 56] is DENIED.

_____
UNITED STATES DISTRICT JUDGE