IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW MEXICO

JAMES ZINGERMAN, d/b/a )
MAGNUM CO., )
                              )
        Plaintiff,            )  CIV. 96-1547 JP
                              )
   v.                         )  MEMORANDUM OPINION
                              )
LANDSTAR LIGON, INC., a       )
Delaware corporation, and     )
JOE CLAR & SONS, INC., a      )
California corporation,       )
                              )
        Defendants.           )
_____)

This matter is before the Court on defendant Joe Clar & Sons, Inc.'s ("Clar") application for award of attorneys' fees (Filing No. 104). The parties tried the case to the Court on September 28, 1998. At trial, the plaintiff, James Zingerman ("Zingerman"), asserted two breach of contract claims and a New Mexico Unfair Trade Practices Act ("Act") claim. The claims arose out of transaction in which plaintiff purchased a hydraulic press brake from the defendant. On October 19, 1988, the Court issued a Memorandum Opinion ("Memorandum") and corresponding order finding for the defendant and dismissing plaintiff's complaint. See Filing Nos. **98** and **99**. Clar now seeks to recover attorneys' fees pursuant to the Act and to the terms of the contract upon which plaintiff based his claims.

### DISCUSSION

I. **Applicable Law**

"[T]he matter of attorneys' fees in a diversity suit is substantive and is controlled by state law." *Boyd Rosen and*



*Assocs., Inc. v. Kansas Municipal Gas Agency*, 123 F.3d 1315, 1352 (10th Cir. 1997), *cert. denied*, __ U.S. __, 118 S.Ct. 1794 (1998). There is no question regarding the applicability of New Mexico law with respect to the unfair trade practices claim, and the Court has previously determined that California law applies to the contract claims. *See* Memorandum at 5. Both New Mexico and California follow what is commonly known as the "American" rule with respect to attorneys' fees, that is, unless provided for by statute or agreement, each party to a lawsuit bears its own costs. *G.E.W. Mechanical Contractors, Inc. v. Johnston Co.*, 115 N.M. 727 (1993); *Sears v. Baccaglio*, 60 Cal.App.4th 1136, 70 Cal.Rptr.2d 769 (1998)

II.     **Fees Under the Act**

Clar asserts it is entitled to attorneys' fees under N.M. Stat. Ann. § 57-12-10(C), the private remedies provisions of the Act. Section 57-12-10(C) provides, in pertinent part, "[t]he court shall award attorneys' fees to the party charged with an unfair or deceptive trade practice . . . if it finds that the party complaining of such trade practice brought an action which was groundless." Clar argues plaintiff's unfair trade practices claim was groundless because the Court found "following trial that there was no evidence to support Plaintiff's [unfair trade practices claim]." Mem. in Supp. of Applic. for Award of Attorneys' Fees (Filing No. 105 at 2).

The New Mexico Supreme Court specifically addressed the above quoted language of § 57-12-10(C) for the first time in

-2-

*G.E.W. Mechanical Contractors, supra*. In interpreting the section, the court found that attorneys' fees are not to be awarded merely because a party successfully defended against claims asserted against them. *G.E.W. Mechanical Contractors*, 115 N.M. at 733. Rather,

> the purpose of Section 57-12-10(C) in authorizing an award of attorney's fees to a defendant where the action is determined to have been "groundless," is to reimburse a party for the expense of defending a frivolous action and to dissuade parties from filing actions where there is no arguable basis in law or fact to support the cause of action and the claim is not supported by a good-faith argument for the extension, modification, or reversal of existing law.

*Id.* Thus, in order to be awarded attorneys' fees under the Act, defendant must establish that, at the time plaintiff filed his claim, "the claim was initiated in bad faith or there was no credible evidence to support it." *Jones v. A.E. Beavers*, 116 N.M. 634, 640, 866 P.2d 362, 368 (N.M. Ct. App. 1993); *see also Marchman v. NCNB Texas Nat'l Bank*, 120 N.M. 74, 898 P.2d 709 (1995).

Here, plaintiff claimed Clar violated the Act by representing the press brake sale transaction involved rights or remedies that it actually did not involve. Specifically, plaintiff alleged that the contract for the sale ("Contract") of the press brake contained a guarantee that required Clar to repair the press brake after it had arrived damaged at

-3-

plaintiff's place of business. The guarantee stated that Clar would either accept return of or repair the press brake if it was proven to be "mechanically unsatisfactory." Memorandum at 11. Plaintiff presented evidence that the press brake was damaged at some point during delivery and was inoperable when it arrived. Therefore, plaintiff had a colorable argument that the press brake was "mechanically unsatisfactory." Prior to trial, the Court denied defendant's motion for summary judgment with respect to this claim. Ultimately, however, the Court interpreted the guarantee as referring to repairing defects inherent in the press brake and not damage that occurred during shipping. Thus, while the Court found there was no evidence that the press brake was "mechanically unsatisfactory," such finding was based on the Court's interpretation that "mechanically unsatisfactory" referred to inherent defects only. There was credible evidence of damage and of Clar's failure to repair the press brake supporting plaintiff's claim.

In addition, Clar does not assert, nor is there any evidence, that plaintiff initiated his claim in bad faith. As a result, the Court finds that plaintiff's unfair trade practices claim was not "groundless." Defendant is not entitled to attorneys' fees under § 57-12-10(C).

### III. Fees Under the Contract

Clar also contends it is entitled to attorneys' fees as provided in the Contract and in accordance with California law. Cal. Civ. Code § 1717(a) (West 1998)("§ 1717"), provides:

> In any action on a contract, where
> the contract specifically provides
> that attorney's fees and costs,
> which are incurred to enforce that
> contract, shall be awarded either
> to one of the parties or to the
> prevailing party, then the party
> who is determined to be the party
> prevailing on the contract, whether
> he or she is the party specified in
> the contract or not, shall be
> entitled to reasonable attorney's
> fees in addition to other costs.
>
> Where a contract provides for
> attorney's fees, as set forth
> above, that provision shall be
> construed as applying to the entire
> contract, unless each party was
> represented by counsel in the
> negotiation and execution of the
> contract, and the fact of that
> representation is specified in the
> contract.

Section 10 of the Contract states, *inter alia*,

> In the event of Buyer's
> [plaintiff's] default in payment of
> the monies owed under the terms of
> the of the [Contract], Seller
> [defendant] shall have in addition
> to any other rights it has under
> law, to repossess the [press brake]
> and/or sue for the unpaid balance
> due hereunder, as Seller in sole
> discretion elects. In the event of
> any such repossession or suit, the
> Buyer agrees to pay reasonable
> attorneys' fees and costs,
> including transportation costs.

Plf's Ex. 9. Clar maintains, even though Section 10 only specifically provides for attorneys' fees in the event of

plaintiff's default, California law construes Section 10 as applying to any action on the Contract.[1]

The California legislature enacted § 1717 "to establish mutuality of remedy where [a] contractual provision makes recovery of attorney's fees available for only one party, and to prevent oppressive use of one-sided attorney's fees provisions." *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 128, 158 Cal.Rptr. 1 (1979)(internal citations omitted). Thus, while when read literally, Section 10 appears to only benefit the drafter, Clar, § 1717 makes the attorneys' fees provision reciprocal by providing for the award of attorneys' fees to whichever party prevails. Plaintiff does not dispute that § 1717 gives him mutuality of remedy with respect to attorneys' fees. Instead, Zingerman argues that Section 10's attorneys' fees provision is narrowly drawn by Clar and defendant should not be allowed to use § 1717 to expand the scope of Section 10. A similar argument was presented in *Sciarrotta v. Teaford Custom Remodeling, Inc.*, 110 Cal.App.3d 444, 167 Cal.Rptr. 889 (1980).

In *Sciarrota*, a property owner brought suit against a contractor for breach of a contract that contained an attorneys' fees provision. *Id.* at 446. The attorneys' fees provision was

---

[1] As previously stated, California law governs the contract in question. However, New Mexico law provides that when parties to a contract have chosen to apply law different from the forum's, "the forum may decline to apply the out-of-state law if it offends New Mexico public policy." *Reagan v. McGee Drilling Corp.*, 123 N.M. 68, 70 (N.M. Ct. App. 1997). New Mexico law provides that attorneys' fees may be authorized by contract. *G.E.W. Mechanical Contractors, supra*. The Court is unaware of any fundamental public policy or principle of justice prohibiting the application of § 1717, nor has plaintiff argued or suggested any. Whether the Contract authorizes the requested attorneys' fees is a question of contract interpretation and "does not rise to the level of a fundamental principle of justice." *Shope v. State Farm Ins. Co.*, 122 N.M. 398, 400 (1996).

included in the standard form used by the contractor and provided that, if the contractor was forced to sue the owner to recover the contract price due under the agreement, it would be entitled to attorneys' fees. *Id.* The owner's claim was not related to the contract price, rather it was based on the contractor's promise to construct the house in a "good and workmanlike manner." *Id.* The owner prevailed and claimed he was entitled to attorneys' fees because § 1717 transformed the unilateral attorneys' fees provision into a reciprocal one. The contractor, however, successfully argued that the attorneys' fees provision limited the recovery of attorneys' fees only to actions based on the contract price due under the agreement. The court agreed, holding that parties to a contract could limit the claims to which an attorneys' fees provision would apply. *Id.* at 451-51.

In response to the holding in *Sciarrotta*, the California legislature amended § 1717, adding the second paragraph to § 1717(a), as set forth above. The legislative history regarding the amendment clearly indicates that the purpose of the amendment was to overturn the holding in *Sciarrotta*. *Sears*, 60 Cal.App.4th at 1147. The legislature's intent was to continue the "avoidance of narrowly defined procedures, which have been seen as favoring the dominant party, in favor of an equitable consideration of who should fairly be regarded as the winner." *Id.* at 1147-48. Therefore, plaintiff's request that the Court limit the application of Section 10 is in direct conflict with § 1717, as § 1717 goes beyond providing

-7-

mutuality of remedy, it also makes an attorneys' fees provision in a contract applicable to the entire contract. *Id.; see also Bldg. Maintenance Serv. Co. v. Ail Sys., Inc.*, 55 Cal.App.4th 1014, 64 Cal.Rptr.2d 353 (Cal. Ct. App. 1997); *Myers Bldg. Indus., Ltd. v. Interface Technology, Inc.*, 13 Cal.App.4th 949, 17 Cal.Rptr.2d 242 (Cal. Ct. App. 1993); *Frank M. Booth, Inc. v. Reynolds Metals Co.*, 754 F.Supp. 1441 (E.D. Cal. 1991).

The Court acknowledges the application of § 1717 in this case works to benefit the party who is typically perceived as the "dominant party," the contract's drafter. However, to not apply § 1717 to this case would be in direct contravention of the overall purpose of § 1717. For as surely as plaintiff would be entitled to attorneys' fees had he prevailed on his contract claims, defendant must be entitled to that same remedy. To hold otherwise would convert § 1717 from a statute requiring mutuality of remedy, to one that provides one-sided relief. Both of plaintiff's contract claims against Clar were dismissed in their entirety. Thus, Clar was clearly the prevailing party and is entitled to an award of attorneys' fees under § 1717. Such award, however, applies only to attorneys' fees incurred to defend the contract claims, and not the unfair trade practice claim. *See Santisas v. Goodin*, 17 Cal.4th 599, 71 Cal.Rptr.2d 830 (1998); *Exxess Electronixx v. Heger Realty Corp.*, 64 Cal.App.4th 698, 75 Cal.Rptr.2d 376 (Cal. App. 1998).

## IV. Calculation of Attorneys' Fees

Calculation of attorneys' fees is within the discretion of the Court. *Contractors Labor Pool, Inc. v. Westway Contractors, Inc.*, 53 Cal.App.4th 152, 61 Cal.Rptr.2d 715 (Cal. Ct. App. 1997). When determining what constitutes reasonable attorneys' fees, the Court considers the following:

> the nature of the litigation, its difficulty, the amount involved, and the skill required and success of the attorney's efforts, his or her learning, age and experience in the particular type of work demanded, the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed.

*Id.* at 168. The starting point for calculating the reasonable fee is determining the lodestar amount -- that is the number of hours reasonably spent multiplied by a reasonable hourly rate. *Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 74 Cal.Rptr.2d 510 (Cal. Ct. App. 1998). The Court may then adjust the lodestar based upon factors such as those cited above as well as novelty and difficulty of the issues involved, the extent to which the attorney was precluded from working on other matters, and the contingent nature of the fee award. *Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794, 56 Cal.Rptr.2d 483 (Cal. Ct. App. 1996).

In support of its application for attorneys' fees, defendant submitted an affidavit of its attorney John T. Porter ("Porter"), Porter's billing statements, and a supporting

memorandum. None of these materials address the factors cited above. In fact, Porter's entire affidavit states as follows:

> 1. I was the attorney for Defendant Joe Clar & Sons, Inc. in the captioned action.
>
> 2. The attached billings reflect the actual attorney fees in the amount of **$33,299.92** including New Mexico Gross Receipts Tax billed by John T. Porter, P.A. to Defendant Joe Clar & Sons, Inc. for services rendered in the defense of this action.
>
> 3. In the opinion of Affiant, the fees charged were necessarily incurred in the defense of Defendant and are fair and reasonable for the services rendered.

Filing No. 104, Attachment 1 (emphasis in original).

Plaintiff asserts that defendant's request is excessive. Zingerman contends Porter spent several hours on matters related to a cross-claim against another defendant and on unsuccessful motions to dismiss and for summary judgment. Hence, the Court should only award fees necessarily expended to defend plaintiff's claims.

Keeping in mind the parties' assertions and the factors cited above, the Court finds as follows. This case involved a relatively generic contract claim. Plaintiff purchased an item of equipment from defendant. The item was damaged during shipping. Defendant did not repair or replace the equipment. Plaintiff claimed defendant was thereby in breach of the sales agreement. The parties tried the case to the Court in one day.

As indicated above, plaintiff asserted two contract claims and an unfair trade practices claim. There were some contract and statutory interpretation questions regarding the defendant's duties, however, none so complex as to require special knowledge or skill. The shipper of the equipment was also a defendant, but was dismissed prior to trial after settling with the plaintiff. Defendant had filed a cross-claim for indemnification earlier in the case.

Porter billed defendant for 190.9 hours of services and eight (8) hours of travel time related to this matter. The billing statements indicate several billed hours were not related to defending the contract claims against defendant. Such billing entries include charges for telephone conferences with individuals unknown to the Court regarding unspecified matters. They also include charges relating to the defendant's prosecution of its cross-claim against the defendant. While the cross-claim may indirectly relate to plaintiff's contract claims, authorization for the award of attorneys' fees based on such claim is not within the scope of Section 10. *See Exxess Electronixx*. Some of the entries for these unrelated matters also include descriptions of related services; however, the amount of time spent on each task is not specified. Because the defendant has the burden of proof, the Court has no choice but to disallow the entire charge for any such time entry. The Court has analyzed the billing statements and calculated that 19.3 hours of billed services were unrelated to the contract claims.

Furthermore, defendant has not offered any evidence establishing the necessity or reasonableness of awarding it fees for the eight (8) hours of time Porter spent traveling to Oakland, California.

The remaining 171.5 hours billed were reasonably incurred in defending against plaintiff's contract claims and his unfair trade practices claim. As more fully set forth in the Memorandum, plaintiff's trade practices claim was premised on one of his contract claims. As a result, prosecution of the trade practices claim was intertwined with the respective contract claim. The exact amount of overlap is by its very nature difficult, if not impossible, to determine. Based on the Court's experience with and understanding of plaintiff's claims, the presentation of those claims at trial, and a thorough review of defendant's billing statements, the Court finds that fifteen percent (15%) of 171.5 hours should be treated as related to the trade practices claim and therefor are not recoverable. Thus, the number of hours defendant reasonably spent in defending against the contract claims amount to 145.8 hours.

With respect to the hourly rate for the services provided, the billing statements indicate Porter charged $160 per hour for his services. Defendant did not offer any evidence regarding his skill, reputation or experience, or that his rate is similar to the reasonable rate in the area for similar services. In fact, the record contains no evidence indicating what a rate is reasonable, only Porter's opinion that his fees were fair and reasonable. Thus, the only foundation the Court

has for determining a reasonable hourly rate is its experience with this case and its knowledge of the hourly rates currently charged in the area. The current hourly rate for trial attorneys ranges from $130 per hour up. As defendant has failed to justify any higher rate, the Court finds the reasonably hourly rate for the services rendered to the defendant to be $130.

The lodestar amount is then 145.8 hours multiplied by an hourly rate of $130, which equals $18,954. There are no factors requiring the upward or downward adjustment of the lodestar.

## CONCLUSION

Based on the foregoing, the Court finds defendant is entitled to attorneys' fees in the amount of $18,954, plus New Mexico gross receipts tax of $1,066.16 for a total award of $20,020.16. Such amount represents the reasonable fees incurred to defend against plaintiff's claims based on the Contract as provided by Section 10 therein and Cal. Civ. Code § 1717(a). The Court will enter a separate in conformity with this opinion.

DATED this 28th day of January, 1999.

BY THE COURT:

/s/ Lyle E. Strom
LYLE E. STROM, Senior Judge
United States District Court